1

2

3

4

5

6

7

8
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
9
AT TACOMA

10

11
NEAL C. LORSBACH,

                                    CASE NO.  C08-5569FDB
12
                        Plaintiff,
                                    REPORT AND RECOMMENDATION
        v.
13

14
MICHAEL J. ASTRUE, Commissioner of
Social Security Administration,        Noted for July 10, 2009

15
                        Defendant.

16

17

18
        This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28

19
U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews v.

20
Weber, 423 U.S. 261 (1976).  Plaintiff Neal C. Lorsbach brought this action pursuant to 42

21
U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social

22
Security denying his application for disability benefits under Title II of the Social Security Act,

23
42 U.S.C. §§ 401-33.  This matter has been briefed and after reviewing the record, the

24
undersigned recommends that the Court remand the matter to the administration for further

25
consideration.

26

REPORT AND RECOMMENDATION - 1

## INTRODUCTION AND PROCEDURAL HISTORY

Born in 1974, Plaintiff is currently 34 years of age. He did not complete high school, but later earned a G.E.D. or equivalent education. Tr. 403-04. He completed two semesters of college. Tr. 430. He had past relevant work as a tavern general manager, manufacturing worker, and retail worker. Tr. 36.

Mr. Lorsbach alleges he has been unable to work since April 30, 2002. He last worked as an instructional technician at Shoreline Community College, but was fired due to excessive absences and tardiness. He alleges he is disabled due to mental impairment(s). Plaintiff's mental health was first evaluated in January 2002, by Dr. Schuler. Plaintiff claimed sleep problems. Dr. Schuler noted Plaintiff had been treated for anxiety and had taken various medications between the ages of 16 and 20, and she diagnosed insomnia and dysthymia. Plaintiff's global assessment of functioning ("GAF") was rated 65, indicating some mild symptoms or some difficulty in social, occupational, or school functioning, but generally functioning reasonably well. Dr. Shuler prescribed Remeron to help sedate Plaintiff. Tr. 403-05.

On July 27, 2004, Plaintiff protectively filed an application for disability insurance benefits and supplemental security income under Title II and Title XVI, respectively, of the Social Security Act (Act), 42 U.S.C. §§ 401-34. Tr. 64-66. It appears that as part of the process of applying for benefits Plaintiff's mental health was evaluated by Dr. Cosgrove on November 2, 2004. Tr. 275-80. Dr. Cosgrove diagnosed a mood disorder and personality disorder, and she rated Plaintiff's GAF at 58, indicating moderate symptoms or moderate difficulty in social, occupational, or school functioning. Tr. 279. Following the evaluation, Dr. Reade assessed the functional limitations caused by the mood disorder and personality disorder. Tr. 262-74. Dr.

Reade concluded that Plaintiff's impairment was non-severe as it did not prevent him from completing simple or complex tasks, or limit him in any social aspect. Tr. 272-74.

On December 22, 2004, Plaintiff's application for benefits was denied. Tr. 60-62. Plaintiff administratively appealed the initial decision and an administrative law judge ("ALJ") was assigned to the matter. A hearing was held on September 6, 2007. During the administrative process further medical opinions and lay witness evidence were incorporated into the record. The ALJ held two hearings, one on March 20, 2007 (Tr. 427-48) and the second on August 6, 2007 (Tr. 449-84). Plaintiff, a medical expert and Plaintiff's girlfriend, Lynette Puyrear, provided testimony.

On October 30, 2007, the ALJ issued a decision finding that Plaintiff's mental impairments produced moderate limitations, but that these limitations did not reduce his capacity to perform substantial gainful activity. Tr. 22-37. Plaintiff's application for social security benefits was therefore denied.

Following the administration's denial, Plaintiff filed the Complaint in this court seeking judicial review of the ALJ's decision. Plaintiff argues the ALJ made the following errors:

(1) the ALJ failed to provide specific and legitimate reasons for rejecting the opinions of Daniel Neims, Psy.D;

(2) the ALJ failed to properly consider the opinion of medical expert Arthur Lewy M.D.;

(3) the ALJ failed to provide clear and convincing reasons for rejecting Mr. Lorsbach's testimony; and

(4) the ALJ failed to properly consider the evidence from Mr. Lorsbach's mother, Jeanne Chambers, and his fiancée, Lynette Puryear.

REPORT AND RECOMMENDATION - 3

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir.2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 201 (1971); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir.2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. Id.

Plaintiff bears the burden of proving that he or she is disabled within the meaning of the Social Security Act (the "Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (*internal citations omitted*). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Plaintiff is disabled under the Act only if his or her impairments are of such severity that he or she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the

REPORT AND RECOMMENDATION - 4

national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098-99 (9th  Cir. 1999).

## DISCUSSION

### A.     *The ALJ Failed To Properly Consider The Medical Evidence, Specifically The Opinions of Dr. Neims*

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir.1996).  Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." <u>Id</u>. at 830-31.  However, the ALJ "need not discuss all evidence presented" to him or her.  <u>Vincent on behalf of Vincent v. Heckler</u>, 739 F.3d 1393, 1394-95 (9th Cir.1984) (citation omitted) (emphasis in original).  The ALJ must only explain why "significant probative evidence has been rejected."  <u>Id</u>.

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant.  <u>Lester</u>, 81 F.3d at 830.  On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole."  <u>Batson v. Commissioner of Social Security Administration</u>, 359 F.3d 1190, 1195 (9th Cir.2004); <u>Thomas v. Barnhart</u>, 278 F.3d 947, 957 (9th Cir.2002); <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1149 (9th Cir.2001).  An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." <u>Lester</u>, 81 F.3d at 830-31.  A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record."  <u>Id</u>. at 830-31; <u>Tonapetyan</u>, 242 F.3d at 1149.

The ALJ is entitled to resolve conflicts in the medical evidence. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). He may not, however, substitute his own opinion for that of qualified medical experts. Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982). If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Lester, 81 F.3d at 831. In Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of a treating physician's opinion because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the ALJ relied on laboratory test results, contrary reports from examining physicians and on testimony from the claimant that conflicted with the treating physician's opinion.

Here, there is very little evidence that Plaintiff's mental condition has been treated since his alleged onset date of disability. Consequently, there does not appear to be any treating source to be given more weight by the ALJ. Each of the mental evaluations in the record was performed by either an examining or psychologist or psychiatrists or a consultative source, who merely reviewed the medical records of the examining doctor.

The ALJ was persuaded by the evidence to conclude Plaintiff was impaired due to mood disorder and dysthymia. Based on the ALJ's analysis and review of the record, the ALJ's conclusion is properly supported. Dr. Schuler diagnosed dysthymia in January 2002.[1] Drs.

_____

[1] The court notes the ALJ credited Dr. Krueger for the January 14, 2002 evaluation, but on close inspection it was Dr. Schuler who did the evaluation and she consulted with Dr. Krueger, who was listed as Plaintiff's primary care physician. Tr. 403.

REPORT AND RECOMMENDATION - 6

Cosgrove and Dr. Lewy, the medical expert, diagnosed a mood disorder. The ALJ's combination of those three medical evaluations provides substantial evidence to conclude that Mr. Lorsbach is impaired by a mood disorder and dysthymia. However, the ALJ erred when he did not provide an explanation of why, in making his decision to accept a mood disorder and dysthymia, he rejected Dr. Lewy's, Dr. Cosgrove's and Dr. Reade's finding of a personality disorder. There is also evidence of a bipolar disorder diagnosed by Dr. Slightman and Dr. Neims.

The ALJ failed to provide "clear and convincing" or "specific and legitimate" reasons for rejecting these diagnosis made by Dr. Lewy, Dr. Cosgrove, Dr. Reade and Dr. Neims. For instance, the ALJ's states several times that the medical opinions and allegations supporting further limitations are not properly supported by objective evidence, but a review of the record does not support the ALJ's analysis. The ALJ stated that the opinions of Dr. Lewy, Dr. Neims, and Dr. Slightman were based on Plaintiff's subjective allegations. This is true, and as expected, an examining mental health expert must rely on a client's statements and answers to questions posed by the psychologist or psychiatrist. But, the ALJ's approach does not acknowledge that these mental health experts, specifically Dr. Neims, also observed Plaintiff and had the benefit of specialized testing to make their conclusions. They did not rely solely on Mr. Lorsbach's allegations and statements.

Dr. Neims administered several tests to determine the severity of Mr. Lorsbach's depression and anxiety, which showed he was in the "marked" to "severe" range of depression and anxiety symptoms. Tr. 394. Dr. Neims assigned a global assessment of functioning of 48. Tr. 397. Dr. Lewy did not rate Plaintiff's limitations as great as Dr. Neims, but Dr. Lewy

testified that he found "moderate limitations across the board." Tr. 476. The ALJ only assigned

mild limitations Tr. 33.

In sum, the ALJ's reasoning for only assigning mild limitations – the lack of objective

medical findings—is not legitimate. The ALJ erroneously rejected the objective testing

performed.

**B.    *The ALJ Failed To Provide Valid Reasons For Rejecting The Lay Witness Evidence***

"In determining whether a claimant is disabled, an ALJ must consider lay witness

testimony concerning a claimant's ability to work." Stout v. Comm'r, 454 F.3d 1050, 1053 (9th

Cir.2006); *see also* 20 C.F.R. §§ 404.1513(d)(4), (e). Such testimony is competent evidence and

the ALJ is required to provide specific and germane reasons for rejecting lay testimony. Bruce v.

Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009); Nguyen v. Chater, 100 F.3d 1462, 1467 (9th

Cir.1996).

The issue is whether the ALJ properly considered the testimony of Mr. Lorsbach's

girlfriend and fiancé, Lynetta Puryear (Tr. 124-28, 93-100) and his mother, Jeanne Chambers

(Tr. 68-76,132). Mr. Lorsbach's mother completed statements on Plaintiff's behalf on

September 16, 2004 (Tr. 68-76) and January 20, 2007 (Tr. 132). Ms. Puryear completed a lay

witness statement (Tr. 124-28), a function report (Tr. 93-100), and testified at the administrative

hearing. Both witnesses reported significant limitations, which were not accepted or

incorporated into the ALJ's analysis of Plaintiff's disability. The ALJ summarized some of the

statements and testimony (Tr. 30), but he failed to provide any specific reason for rejecting or

discrediting the observations and testimony.

The matter should be remanded to allow the administration the opportunity to properly

consider and comment on the lay witness evidence.

REPORT AND RECOMMENDATION - 8

### C. The ALJ Did Not Give Clear and Convincing Reasons for Rejecting Plaintiff's Testimony

Credibility determinations are particularly within the province of the ALJ. <u>Andrews</u>, 53 F.3d at 1043. Nevertheless, when an ALJ discredits a claimant's subjective symptom testimony, he must articulate specific and adequate reasons for doing so. <u>Greger v. Barnhart</u>, 464 F.3d 968, 972 (9th Cir.2006). The determination of whether to accept a claimant's subjective symptom testimony requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; <u>Smolen</u>, 80 F.3d at 1281. First, the ALJ must determine whether there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); <u>Smolen</u>, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because they are unsupported by objective medical evidence. <u>Bunnell v. Sullivan</u>, 947 F.2d 341, 343 (9th Cir.1991) (*en banc*). Absent affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony. <u>Smolen</u>, 80 F.3d at 1284; <u>Reddick</u>, 157 F.3d at 722.

An ALJ is not "required to believe every allegation of disabling pain" or other non-exertional impairment. <u>Fair v. Bowen</u>, 885 F.2d 597, 603 (9th Cir.1989). When evaluating a claimant's credibility, however, the ALJ "must specifically identify what testimony is not credible and what evidence undermines the claimant's complaints." <u>Greger</u>, 464 F.3d at 972 (*internal quotation omitted*). General findings are insufficient. <u>Smolen</u>, 80 F.3d at 1284; <u>Reddick</u>, 157 F.3d at 722. The ALJ may consider "ordinary techniques of credibility evaluation," including the claimant's reputation for truthfulness, inconsistencies in testimony or between her testimony and conduct, daily activities, work record, and the testimony from

physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains. Smolen, 80 F.3d at 1284.

Plaintiff argues the ALJ did not give clear and convincing reasons for rejecting his testimony. The undersigned agrees.

First the ALJ's credibility analysis is based on an erroneous review of the medical evidence, as discussed above. The administration should be given the opportunity to reconsider Plaintiff's allegations and testimony in light of a proper review of the medical evidence.

Second, the undersigned finds the ALJ's reasons for discrediting Plaintiff's testimony were invalid. For example the ALJ rejected Mr. Lorsbach's testimony because he had not sought medical treatment. However, the ALJ's analysis does not appear to take into account Plaintiff's argument that he did not have insurance to be treated for mental impairments, nor the fact that Plaintiff had sought treatment, via participation in a medication study for bipolar disorder (438, 312-25). The ALJ commented that insurance coverage or financial support should have been available through Ms. Puryear (Tr. 35), but that comment was unsupported and invalid as a reason to find that Plaintiff was not being forthright in his allegations of disability.

CONCLUSION

Based on the foregoing discussion, the Court should remand the matter to the administrative for further consideration, including a review of all the medical evidence and completion of the five-step administrative process.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the

REPORT AND RECOMMENDATION - 10

1

time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July**

2

**10, 2009**, as noted in the caption.

3

DATED this 15th day of June, 2009.

4

5

6

J. Richard Creatura
United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION - 11